**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4094**

———————

UNITED STATES OF AMERICA,

                                          Plaintiff - Appellee,

     versus

EDUARDO CRISOSTOMO FABIAN, a/k/a Eduardo
Ortiz,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. N. Carlton Tilley, Jr., Chief District Judge. (CR-04-201)

———————

Submitted: November 8, 2006      Decided: February 5, 2007

———————

Before WILKINS, Chief Judge, WIDENER, Circuit Judge, and David A. FABER, Chief United States District Judge for the Southern District of West Virginia, sitting by designation.

———————

Affirmed by unpublished per curiam opinion.

———————

J. Darren Byers, Winston-Salem, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, L. Patrick Auld, Assistant United States Attorney, Deputy Chief, Criminal Division, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eduardo Crisostomo Fabian appeals the sentence imposed following his plea of guilty to distribution of methamphetamine. See 21 U.S.C.A. § 841(a)(1), (b)(1)(B) (West 1999 & Supp. 2006). Finding no error, we affirm.

In determining Fabian's guideline range, the district court set Fabian's base offense level at 32. See United States Sentencing Guidelines Manual § 2D1.1(a)(3), (c)(4) (2003). The court then imposed a two-level enhancement because a dangerous weapon was possessed, see U.S.S.G. § 2D1.1(b)(1), and a three-level reduction for acceptance of responsibility, see U.S.S.G. § 3E1.1, for a total offense level of 31. Considered together with Fabian's Criminal History Category of II, this offense level yielded a guideline range of 121-151 months imprisonment. On the Government's recommendation, the district court imposed a sentence of 90 months imprisonment--approximately 75 percent of the low end of Fabian's guideline range--based on Fabian's substantial assistance. See 18 U.S.C.A. § 3553(e) (West Supp. 2006); U.S.S.G. § 5K1.1, p.s.

Fabian argues on appeal that imposition of the two-level enhancement for possession of a dangerous weapon violated his Sixth Amendment rights.[*] See United States v. Hughes, 401 F.3d 540, 546

---

[*]Fabian was sentenced before the Supreme Court decided United States v. Booker, 543 U.S. 220 (2005), rendering the sentencing guidelines "effectively advisory." Booker, 543 U.S. at 245.

2

(4th Cir. 2005). However, because Fabian's sentence was less than the high end of the guideline range that would have applied before the weapons enhancement was imposed and the acceptance of responsibility reduction was granted, Fabian's constitutional rights were not violated. See United States v. Evans, 416 F.3d 298, 300 & n.4 (4th Cir. 2005).

For this reason, Fabian's sentence is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED